**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS M. MCDONALD, | No. 16-16926 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:09-cv-01470-MMD-PAL |
| STEVEN C. PALACIOS; et al., | |
| Defendants-Appellants, | MEMORANDUM* |
| v. | |
| LEONARD S. KRICK; et al., | |
| Third-party-defendants. | |

| | |
|---|---|
| THOMAS M. MCDONALD, | No. 16-16927 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:09-cv-01470-MMD-PAL |
| STEVEN C. PALACIOS; et al., | |
| Defendants-Appellees, | |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LEONARD S. KRICK; et al.,

Third-party-defendants.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted January 12, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

1. The district court properly granted Thomas McDonald declaratory relief with respect to his liability to Steven Palacios under the Stock Purchase Agreement, Promissory Note, and Stock Pledge Agreement (collectively, the Agreements). The Note does not define the term "quarterly basis" and includes no reference to the calendar year. We give language in a contract its "common or normal meaning," *American First Federal Credit Union v. Soro*, 359 P.3d 105, 108 (Nev. 2015) (en banc) (internal quotation marks omitted), and thus read "quarterly" as any continuous period of three months. Because McDonald missed three consecutive payments, each due in May, June, and July, he defaulted by July 2008, within two years of executing the Note. The district court therefore properly

concluded that McDonald's liability under the Agreements was limited to the shares pledged and held in escrow.

2. The district court properly dismissed McDonald's five remaining claims. Transaction and loss causation are distinct elements of a securities fraud claim. *Nuveen Municipal High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1118 (9th Cir. 2013). Although McDonald presented evidence sufficient to demonstrate transaction causation, he failed to prove loss causation. The district court found "the fact that MSI Companies changed its business direction substantially contributed to MSI Companies' cash flow issues and McDonald's failed investment." That factual finding is not clearly erroneous and supports the court's conclusion that McDonald failed to show Palacios "misrepresented or omitted the *very facts* that were a substantial factor in causing [McDonald's] economic loss." *Id*. at 1120 (citation omitted). McDonald's federal securities fraud claim therefore fails.

The district court erred in holding that NRS 90.570 does not provide for a private right of action. *See* NRS 90.660(1). But as McDonald's counsel conceded at oral argument, to prevail on his state securities fraud claim, McDonald had to make the same loss causation showing necessary to prevail on his federal claim.

As just noted, he failed to do so. Accordingly, the district court properly entered judgment in Palacios's favor on this claim as well.

McDonald's civil conspiracy claim fails for lack of evidence that Palacios's bookkeeper made false representations. Even if Palacios's bookkeeper made false representations, McDonald presented no evidence showing Palacios and his bookkeeper acted in concert to harm McDonald. *See Guilfoyle v. Olde Monmouth Stock Transfer Co., Inc.*, 335 P.3d 190, 198 (Nev. 2014) (en banc).

McDonald's negligent misrepresentation and fraud claims also fail. Both claims require that McDonald justifiably relied on false information and that such reliance caused his financial losses. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998); *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (per curiam). McDonald failed to prove by a preponderance of the evidence that Palacios's allegedly false statements—rather than the other causes identified by the district court—were the proximate cause of his loss. *See Holcomb v. Georgia Pacific, LLC*, 289 P.3d 188, 196 (Nev. 2012) (en banc).

**3.** Because the district court properly awarded McDonald declaratory relief, Palacios's counterclaims related to the Agreements were also properly dismissed.

**AFFIRMED.**

The parties shall bear their own costs on appeal.